UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------- X

MICHAEL DAVIS, VICTOR SIMPSON,          :
ALFRED WILLIAMS, RONNIE                 :
PETTIFORD, JEAN JAMES CHARITE,          :
ALDO CHUMPITAZ, MARC ROBERTS,           :
ISHMAEL BADDIE, RUPERTO                  :
SUAREZ, RAMEL FRIGGURES, SILTZ          :
GOUDI, RANCHEEM HACRS, ACENOR           :
RAPHAEL, RICKY FERGUSON,                :
YUNILETH ESCOBAR, and JAMES             :
RAPHAEL,                                :
                                        :
            Plaintiffs,                 :
                                        :
v.                                      :
                                        :
DUANE READE, INC., WALLGREEN            :
COMPANY, INC., SECURITY OFFICER         :
GREEN (first name unknown), JOHN DOES 1- :
9 (names presently unknown), and ABC CORP. :
1-9 (names presently unknown),          :
                                        :
            Defendants.                 :

----------------------------------------------------------- X

Case No. cv 11-0540 (ERK) (SMG)

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## TO DISMISS BY DEFENDANT WALGREEN CO.

---

**LITTLER MENDELSON, P.C.**
Joel L. Finger
Eric D. Witkin
900 Third Avenue
New York, NY  10022.3298
212.583.9600
Attorneys for Defendant Walgreen Co.

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS ALLEGED IN THE COMPLAINT ...................................... 3

ARGUMENT ...................................................................................................................... 3

    Standards Applicable To A Motion To Dismiss ........................................................... 3

I.    THE COMPLAINT'S FIRST CAUSE OF ACTION FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ("IIED") .................................................................................................................... 5

    A.    This Claim is Barred by the One-Year Statute of Limitations ............................. 5

    B.    This Claim Is Barred By Plaintiffs' § 740 Election Of Remedies ........................ 5

II.    THE COMPLAINT'S SECOND CAUSE OF ACTION FAILS TO STATE A CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ................... 6

    A.    New York Workers' Compensation Law Bars The Claim ................................... 6

    B.    This Claim Also Is Barred By Plaintiffs' § 740 Election Of Remedies ............... 7

III.    THE COMPLAINT'S THIRD CAUSE OF ACTION FAILS TO STATE A CLAIM FOR NEGLIGENCE .................................................................................... 7

    A.    New York Workers' Compensation Law Bars The Claim ................................... 7

    B.    This Claim Is Barred By Plaintiffs' § 740 Election Of Remedies ........................ 7

IV.    THE COMPLAINT'S FOURTH CAUSE OF ACTION FAILS TO STATE A CLAIM FOR NEGLIGENT HIRING, TRAINING AND RETENTION ........................ 7

    A.    New York Workers' Compensation Law Bars The Claim ................................... 7

    B.    This Claim Is Barred By Plaintiffs' § 740 Election Of Remedies ........................ 8

    C.    Plaintiffs State No Claim For Negligent Hiring, Supervision Or Retention .......... 8

V.    THE COMPLAINT'S FIFTH CAUSE OF ACTION FAILS TO STATE A CLAIM FOR HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT ........... 9

**TABLE OF CONTENTS**
(CONTINUED)

PAGE

VI.   THE COMPLAINT'S SIXTH CAUSE OF ACTION FAILS TO STATE A
      CLAIM PURSUANT TO THE NEW YORK WHISTLEBLOWER STATUTE............ 9

      A.    The Claim is Barred by § 740's One-Year Statute of Limitations ...................... 10

      B.    Plaintiffs Failed To Notify Defendants Before Complaining To The Police ...... 10

      C.    Plaintiffs Allege No "Retaliatory Personnel Action" Under § 740. ................... 11

      D.    The Reported Activity Was Not Covered By § 740 ........................................... 12

            1.    It Did Not Present A Substantial And Specific Danger To Public
                  Health Or Safety ................................................................................. 12

            2.    It Did Not Constitute An Actual Violation Of Law, Rule Or
                  Regulation .......................................................................................... 14

      E.    No Facts Support A Claim That Adverse Action Was Caused By The
            Complaint............................................................................................................ 15

VII.  THE COMPLAINT'S SEVENTH CAUSE OF ACTION FAILS TO STATE A
      CLAIM PURSUANT TO THE U.S. CONSTITUTION'S 4TH AMENDMENT............ 16

CONCLUSION........................................................................................................................ 17

# TABLE OF AUTHORITIES

**PAGE**

## CASES

*Antonmarchi v. Consol. Edison Co. of N.Y., Inc.,*
2008 U.S. Dist. LEXIS 75458 (S.D.N.Y. Sept. 29, 2008) .................................................... 11

*Ashcroft v. Iqbal,*
129 S.Ct. 1937 (2009) ............................................................................................................ 4, 17

*Bell Atl. Corp. v. Twombly,*
127 S. Ct. 1955 (2007) ........................................................................................................... 4, 17

*Bender v. GSA,*
539 F.Supp.2d 702 (S.D.N.Y. 2008) ...................................................................................... 5

*Betz v. Mem'l Sloan-Kettering Cancer Ctr.,*
1996 U.S. Dist. LEXIS 10568 (S.D.N.Y. Jul. 24, 1996) ....................................................... 15

*Bishop v. Toys "R" Us-NY, LLC,*
2009 U.S. Dist. LEXIS 17377 (S.D.N.Y. Feb. 19, 2009), *aff'd,* 385 Fed.
Appx. 38 (2010) ...................................................................................................................... 17

*Bones v. Prudential Financial, Inc.,*
54 A.D.3d 589, 863 N.Y.S.2d 368 (1st Dep't 2008) .............................................................. 6

*Bordell v. GE,*
88 N.Y.2d 869, 644 N.Y.S.2d 912 (1996) ............................................................................. 14

*Conley v. Gibson,*
355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) .................................................................. 4

*Cotrone v. Consol. Edison Co. of N.Y., Inc.,*
50 A.D.3d 354, 856 N.Y.S.3d 48 (1st Dep't 2008) ............................................................... 13

*Deshpande v. TJH Med. Servs., P.C.,*
52 A.D.3d 648, 861 N.Y.S.2d 697 (2d Dep't 2008), *appeal denied,* 12 N.Y.3d
704, 879 N.Y.S.2d 50 (2009) .................................................................................................. 6, 9

*DeVittorio v. Hall,*
589 F.Supp.2d 247 (S.D.N.Y. 2008) ...................................................................................... 16

*Dougherty v. Mem'l Sloan-Kettering Cancer Ctr.,*
2002 U.S. Dist. LEXIS 13216 (S.D.N.Y. Jul. 16, 2002) ....................................... 14, 15, 16

*Duran v. Jamaica Hosp.,*
216 F.Supp.2d 63 (E.D.N.Y. 2002) ........................................................................................ 6

*Easterson v. Long Island Jewish Medical Ctr.,*
156 A.D.2d 636, 548 N.Y.S.2d 135 (2d Dep't 1989), *appeal denied,* 76
N.Y.2d 704 (1990) ................................................................................................................... 12, 13

*Feinman v. Morgan Stanley Dean Witter,*
193 Misc. 2d 496, 752 N.Y.S.2d 229 (N.Y. Sup. Ct. 2002) ................................................. 9, 10

*Fletcher v. Wal-Mart Stores, Inc.,*
2006 U.S. Dist. LEXIS 62190 (S.D.N.Y. Aug. 28, 2006) ..................................................... 17

# TABLE OF AUTHORITIES
## (CONTINUED)

PAGE

*Gabel v. Richards, Spears, Kibbe & Orbe LLP*
   615 F.Supp.2d 241 (S.D.N.Y. 2009)................................................................... 5

*Gebhardt v. Allspect, Inc.*,
   96 F. Supp.2d 331 (S.D.N.Y. 2000)................................................................... 4

*Goldstein v. Pataki*,
   516 F.3d 50 (2d Cir.), *cert. denied*, 128 S. Ct. 2964 (2008) ..................................... 4

*Gorgone v. Capozzi*,
   238 A.D.2d 308, 656 N.Y.S.2d 49 (2d Dep't 1997), *appeal denied*, 95 N.Y.2d
   767 (2000) .............................................................................................. 11

*Guiducci v. Kohl's Dep't Stores*,
   320 F. Supp.2d 35 (E.D.N.Y. 2004) ................................................................. 16

*Hayes v. Staten Is. Univ. Hosp.*,
   39 A.D.3d 593, 834 N.Y.S.2d 274 (2d Dep't 2007) ............................................... 6

*Higgs v. County of Essex*,
   232 A.D.2d 815, 648 N.Y.S.2d 787 (3d Dep't 1996) ............................................ 11

*Honohan v. Martin's Food of S. Burlington, Inc.*,
   255 A.D.2d 627, 679 N.Y.S.2d 478 (App. Div. 1998) ............................................ 8

*Kern v. De Paul Mental Health Serv.*,
   152 A.D.2d 957, 544 N.Y.S.2d 252 (4th Dep't), *appeal denied*, 74 N.Y.2d 615
   (1989)................................................................................................... 13

*Kirkman by Kirkman v. Astoria Gen. Hosp.*,
   204 A.D.2d 401, 611 N.Y.S.2d 615 (2d Dep't), *appeal denied*, 84 N.Y.2d 811
   (1994)..................................................................................................... 8

*Knighton v. Municipal Credit Union*,
   2009 N.Y. Misc. LEXIS 3976 (Sup. Ct. N.Y. Cty Jan. 20, 2009), *aff'd in part,
   modified in part*, 71 A.D.3d 604, 898 N.Y.S.2d 117 (1st Dep't 2010) ...................... 11

*Kramer v. Time Warner, Inc.*,
   937 F.2d 767 (2d Cir. 1991).......................................................................... 9

*Kraus v. New Rochelle Hosp. Medical Ctr.*,
   216 A.D.2d 360, 628 N.Y.S.2d 360 (2d Dep't), *appeal dismissed without op.*,
   86 N.Y.2d 885 (1995) ............................................................................... 13

*Kwarren v. Am. Airlines*,
   303 A.D.2d 722, 757 N.Y.S.2d 105 (2d Dep't 2003) ............................................ 5

*Lambert v. GE*,
   244 A.D.2d 841, 666 N.Y.S.2d 289 (3d Dep't 1997) ........................................... 16

*Leibowitz v. Bank Leumi Trust Co.*,
   152 A.D.2d 169, 548 N.Y.S.2d 513 (2d Dep't 1989)............................................ 12

*Lukas v. Triborough Bridge and Tunnel Authority*,
   1993 U.S. Dist. LEXIS 21065 (E.D.N.Y. Aug. 18, 1993).................................... 16

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE

*Mataxas v. North Shore Univ. Hosp.,*
   211 A.D.2d 762, 621 N.Y.S.2d 683 (2d Dep't 1995) ................................. 8

*McGrane v. Reader's Digest Ass'n,* 863 F. Supp. 183 (S.D.N.Y. 1994), *aff'd
   without op.,* 60 F.3d 811 (2d Cir. 1995)................................................ 6

*McNally v. Swift Transp. Co., Inc.,*
   35 A.D.3d 1238, 827 N.Y.S.2d 395 (4th Dep't 2006) ............................. 11

*Nadkarni v. N. Shore-Long Island Jewish Health Sys.,*
   21 A.D.3d 354, 799 N.Y.S.2d 574 (2d Dep't 2005) ............................... 14

*Perez v. Wegman Cos.,*
   181 A.D.2d 1010, 581 N.Y.S.2d 502 (4th Dep't), *appeal denied,* 80 N.Y.2d
   753 (1992) ...................................................................................... 10

*Pipas v. Syracuse Home Ass'n,*
   226 A.D.2d 1097, 641 N.Y.S.2d 768 (4th Dep't), *appeal denied,* 88 N.Y.2d
   810, 649 N.Y.S.2d 377 (1996) ............................................................ 6

*Pipia v. Nassau County,*
   34 A.D.3d 664, 826 N.Y.S.2d 318 (2d Dep't 2006) ................................. 6

*Ray v. County of Delaware,*
   239 A.D.2d 755, 657 N.Y.S.2d 808 (App. Div. 1997) ............................. 8

*Reddington v. Staten Isl. Univ. Hosp.,*
   511 F.3d 126 (2d Cir. 2007).............................................................. 10

*Remba v. Federation Employment & Guidance Service,*
   149 A.D.2d 131, 545 N.Y.S.2d 140 (1st Dep't 1989), *aff'd,* 76 N.Y.2d 801
   (1990) ...................................................................................... 12, 14

*Rodgers v. Lenox Hill Hosp.,*
   211 A.D.2d 248, 626 N.Y.S.2d 137 (1st Dep't 1995) ............................. 13

*Rohlehr v. Brookdale Univ. Hosp. & Med. Ctr.,*
   390 F. Supp.2d 207 (E.D.N.Y. 2005) .................................................. 5

*Rosario v. National Hous. Pship Prop. Mgmt.,*
   1998 U.S. Dist. LEXIS 3692 (S.D.N.Y. Mar. 24, 1998) ......................... 11

*Ross v. Louise Wise Servs, Inc.*
   8 N.Y.3d 478 (2007) ......................................................................... 5

*Ross v. Mitsui Fudosan,*
   2 F. Supp. 2d 522 (S.D.N.Y. 1998) ..................................................... 8

*Roth v. Jennings,*
   489 F.3d 499 (2d Cir. 2007)............................................................... 9

*Royster v. Williams,*
   2008 U.S. Dist. LEXIS 31781 (E.D.N.Y. April 17, 2008) ...................... 17

*Simpson v. Uniondale Union Free Sch. Dist.,*
   702 F.Supp.2d 122 (E.D.N.Y. 2010) ............................................... 4, 8

## TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

*Steinborn v. Himmel,*
   9 A.D.3d 531, 780 N.Y.S.2d 412 (App. Div. 2004) ............................................ 8

*Taggart v. Moody's Investors Serv.,*
   2007 U.S. Dist. LEXIS 52765 (S.D.N.Y. July 16, 2007) ................................... 17

*Tancredi v. Malfitano,*
   567 F.Supp.2d 506 (S.D.N.Y. 2008) ................................................................. 16

*Tucker v. New York City,*
   2007 U.S. Dist. LEXIS 77879 (S.D.N.Y. Oct. 15, 2007), *aff'd,* 2010 U.S. App.
   LEXIS 9480 (2d Cir. May 10, 2010) ................................................................. 14

*Vacca v. The Hartz Mt. Corp.,*
   2010 U.S. Dist. LEXIS 30660 (E.D.N.Y. Mar. 30, 2010) .................................... 9

*Walker v. Weight Watchers Int'l,*
   961 F.Supp. 32 (E.D.N.Y. 1997) ........................................................................ 6

*Wilson v. Dalene,*
   699 F. Supp.2d 534 (E.D.N.Y. 2010) .................................................................. 9

### OTHER AUTHORITIES

42 U.S.C. § 2000e-5(e), (f) ..................................................................................... 9

New York Labor Law § 740 ............................................................................. *passim*

New York Workers' Compensation Law §11 ................................................... *passim*

### RULES

CPLR 215 ............................................................................................................ 1, 5

Fed. R. Civ. P. 8(a)(2) ....................................................................................... 1, 4

Fed. R. Civ. P. 12(b)(6) ................................................................................. 1, 3, 5

## PRELIMINARY STATEMENT

Defendant Walgreen Co., sued here incorrectly as Wallgreen Company, Inc. ("Walgreens"), submits this memorandum of law in support of its Fed. R. Civ. P. 12(b)(6) motion to dismiss the Complaint herein filed January 6, 2011 ("Cplt.") for failure to state a claim upon which relief can be granted against any defendant.[1]

Plaintiffs Michael Davis et al ("Plaintiffs") allege that they were employed by Defendant Duane Reade, Inc. ("Duane Reade") at its warehouse facility in Maspeth, New York (Cplt. ¶ 22). There, they allege that video cameras were placed in air vents of company bathrooms and used to tape Plaintiffs on or about January 7, 2008 (id. ¶23). They further allege that the cameras were placed by defendant "Security Officer Green" ("Green"), a Duane Reade employee, "under the direction and with the knowledge and consent of defendants Duane Reade and Walgreens" (id. ¶¶ 21, 24). However, Walgreens did not own Defendant Duane Reade in January 2008, and the Complaint does not allege that Walgreens employed either Plaintiffs or Green, the alleged perpetrator of the conduct Plaintiffs attack.[2] The Complaint also states no whistleblower claim because it does not allege Plaintiffs suffered any retaliation for reporting the alleged conduct, other than that they were told they would be fired if they disclosed the alleged conduct (id. ¶ 29).

Plaintiffs' first cause of action, intentional infliction of emotional distress (id. ¶¶ 33-38), is barred by both the one-year statute of limitations applicable to intentional torts, CPLR 215, and by the election of remedies provision (§ 740(7)) of the New York Whistleblower Statute, Labor Law § 740 ("§ 740"), as Plaintiffs assert a § 740 claim in their sixth cause of action.

---

[1] The Complaint is attached as Exhibit 1 to the Affidavit of Eric D. Witkin, dated February 9, 2011, in support of the instant motion to dismiss ("Witkin Aff.") submitted herewith.

[2] The Court may take judicial notice of Witkin Aff. Exhibit 2, a public record showing that Walgreens did not purchase Duane Reade until 2010 (see note 4 below).

Plaintiffs' second, third and fourth negligence causes of action (Cplt. ¶¶ 39-54), are barred as to all defendants by both the exclusivity provisions of New York Workers' Compensation Law §11 and/or by the election of remedies provision of § 740. In addition, with regard to Walgreens, none of these causes of action states a claim against Walgreens for the additional reason that it did not then own Duane Reade or employ Plaintiffs or Mr. Green.

Plaintiffs' fifth cause of action for sexual harassment or a hostile work environment (Cplt. ¶¶ 55-61) is barred as to all defendants by the election of remedies provision of § 740 and, insofar as asserted under federal law, by the limitations provision of Title VII of the Civil Rights Act of 1964, which requires the filing with the Equal Employment Opportunity Commission of a charge of discrimination within 300 days of the alleged unlawful conduct. The Complaint does not allege that any such charge was timely filed. In any event, with regard to Walgreens, this cause of action states no claim against Walgreens for the further reason that it did not then own Duane Reade or employ Plaintiffs or Mr. Green (*see* note 4 below).

Plaintiffs' sixth cause of action under § 740 is barred by that statute's one year statute of limitations, § 740(4)(a). The "cause of action" also states no § 740 claim because if does not allege that any" retaliatory personnel action" was taken against Plaintiffs because they disclosed an unlawful practice that substantially and specifically endangered public health or safety.

Plaintiffs' seventh cause of action under the 4th Amendment of the United States Constitution is barred by § 740's election of remedies provision. This cause of action also states no claim because the 4th Amendment protects persons against governmental acts and not those of private employers. No government action is alleged here, so no claim is stated.

As none of these purported causes of action states a claim upon which relief can be granted against Walgreens or the other Defendants, the Complaint should be dismissed.

## STATEMENT OF FACTS ALLEGED IN THE COMPLAINT

Plaintiffs allege that they and Defendant "Security Officer Green" were employed by Duane Reade, Inc. (Cplt. ¶¶ 21, 22) and that Duane Reade is a "subsidiary of Walgreens (*id.* ¶ 20). The Complaint accuses "defendants" (without specifying which) "on or about January 7, 2008" of placing video cameras in air vents of company bathrooms and of videotaping and audiotaping Plaintiffs there (*id.* ¶ 23). The Complaint asserts that Green did this "under the direction and with the knowledge and consent of defendants Duane Reade and Walgreens (*id.* ¶ 24) and that Green did so within the scope of his employment (*id.* ¶ 25). The Complaint asserts that Plaintiffs' reported Green's conduct to "defendants" (without specifying which Defendant) who attempted to "cover up" the conduct (*id.* ¶ 26), that Plaintiffs reported the conduct to the police (*id.* ¶ 27), that "defendants" threatened Plaintiffs with termination if they told anyone about the conduct (*id.* ¶ 29), and that Green was transferred elsewhere (*id.* ¶ 30).[3]

Plaintiffs do not allege that they gave defendants any time to do anything about the alleged conduct before Plaintiffs reported the conduct to the police, and the Complaint does not specify what statutes, rules or regulations that they alleged were violated when they complained to the police (*id.* ¶ 27). Plaintiffs thus failed to notify defendants about, or give them a reasonable opportunity to correct, the problem before submitting it to the police. For those reasons and the other reasons stated below, these allegations do not state a § 740 claim.

The Complaint's allegations are insufficient to state a claim under any cause of action.

## ARGUMENT

### Standards Applicable To A Motion To Dismiss

Although the Court must accept as true, for purposes of a Rule 12(b)(6) motion, the well-

---

[3] Solely for purposes of this motion to dismiss, the factual allegations of the Complaint are treated as true.

pleaded factual allegations of the Complaint, the Court need not accept as true wholly "conclusory allegations or legal conclusions masquerading as factual conclusions." *Gebhardt v. Allspect, Inc.*, 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000) (citation omitted). In addition, although the complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has fair notice of what the claim is and the grounds upon which it rests, a plaintiff's obligation to state the grounds for his entitlement to relief requires "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *Simpson v. Uniondale Union Free Sch. Dist.,* 702 F.Supp.2d 122, 128-29 (E.D.N.Y. 2010).

Twombly held that "[a]sking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. 127 S.Ct. at 1965. A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the complaint's allegations are true." *Id. See also Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir.), *cert. denied*, 128 S. Ct. 2964 (2008) (*Twombly* "disavowed the oft-quoted statement from *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"). In *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009), the Supreme Court held that pleadings that are "no more than conclusions, are not entitled to the assumption of truth" and must be "supported by factual allegations." *Id.* at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief." *Id.* It rejected, as not entitled to an assumption of truth, those conclusory, bare assertions that are no more than a "formulaic recitation of the elements" of a claim. *Id.* at 1951.

Plaintiffs have not pleaded facts satisfying these standards or sufficient to survive a Rule 12(b)(6) motion to dismiss. Accordingly, the Court should dismiss all of his claims.

## I.   THE COMPLAINT'S FIRST CAUSE OF ACTION FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ("IIED").

### A.   This Claim is Barred by the One-Year Statute of Limitations.

The Complaint alleges that the tortious conduct occurred "on or about January 7, 2008" (Cplt. ¶ 23). The IIED claim against all defendants is thus barred by the one year statute of limitations for intentional torts (CPLR 215). *Gabel v. Richards, Spears, Kibbe & Orbe LLP,* 615 F.Supp.2d 241, 243 (S.D.N.Y. 2009), citing *Ross v. Louise Wise Servs, Inc.* 8 N.Y.3d 478, 491 (2007); *Bender v. GSA,* 539 F.Supp.2d 702 (S.D.N.Y. 2008); *Kwarren v. Am. Airlines,* 303 A.D.2d 722, 757 N.Y.S.2d 105 (2d Dep't 2003). The IIED claim should thus be dismissed.

### B.   This Claim Is Barred By Plaintiffs' § 740 Election Of Remedies.

Even if it were not time-barred, Plaintiffs' First Cause of Action also is barred by the election of remedies provision of Labor Law § 740(7), which states, in relevant part:

> [T]he institution of an action in accordance with this section shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, law, rule or regulation or under the common law.

As it appears that this claim for intentional infliction of emotional distress is based on the same alleged conduct as Plaintiffs' 6th cause of action pursuant to Labor Law § 740, the above-quoted election of remedies provision bars the claim against all defendants. *Rohlehr v. Brookdale Univ. Hosp. & Med. Ctr.*, 390 F. Supp.2d 207, 210-11 (E.D.N.Y. 2005); *McGrane v. Reader's Digest Ass'n*, 863 F. Supp. 183, 185 (S.D.N.Y. 1994), *aff'd without op.,* 60 F.3d 811

(2d Cir. 1995); *Bones v. Prudential Financial, Inc.,* 54 A.D.3d 589, 863 N.Y.S.2d 368 (1st Dep't

2008); *Deshpande v. TJH Med. Servs., P.C.,* 52 A.D.3d 648, 651, 700, 861 N.Y.S.2d 697 (2d

Dep't 2008), *appeal denied,* 12 N.Y.3d 704, 879 N.Y.S.2d 50 (2009); *Hayes v. Staten Is. Univ.*

*Hosp.,* 39 A.D.3d 593, 834 N.Y.S.2d 274 (2d Dep't 2007); *Pipia v. Nassau County,* 34 A.D.3d

664, 826 N.Y.S.2d 318 (2d Dep't 2006); *Pipas v. Syracuse Home Ass'n,* 226 A.D.2d 1097, 641

N.Y.S.2d 768 (4th Dep't), *appeal denied*, 88 N.Y.2d 810, 649 N.Y.S.2d 377 (1996).

Accordingly, the IIED claim is barred as a matter of law and should be dismissed.

## II.   THE COMPLAINT'S SECOND CAUSE OF ACTION FAILS TO STATE A CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

### A.   New York Workers' Compensation Law Bars The Claim.

Plaintiffs' Second Cause of Action asserts a claim for negligent infliction of emotional

distress against Duane Reade and Walgreens, but states no claim because it is precluded by New

York Worker's Compensation Law §11 ["NYWCL"].   NYWCL is the exclusive remedy for

negligence actions by an employee against his employer, and negligent infliction of emotional

distress claims brought by an employee are barred by NYWCL.   *See Duran v. Jamaica Hosp.,*

216 F.Supp.2d 63 (E.D.N.Y. 2002); *Walker v. Weight Watchers Int'l,* 961 F.Supp. 32 (E.D.N.Y.

1997).   In *Duran,* the plaintiff brought a negligent hiring and retention claim against Jamaica

Hospital.   *Duran,* 216 F.Supp.2d at 66.   The plaintiff was terminated after a fellow employee

falsely reported that he saw the plaintiff steal from another person at the hospital.   *Id.*   The

plaintiff claimed that throughout her employment, the same employee continuously made

derogatory and harassing comments to her and that the hospital was negligent in the hiring and

retention of that employee.   *Id.*   The court granted the Hospital's motion to dismiss because the

plaintiff's claim was barred by NYWCL.   *Id.*   Plaintiffs' situation here is analogous.   Plaintiffs

claim that Duane Reade and Walgreens were negligent in allowing co-Defendant Green

allegedly to create a hostile working environment for them.  This claim should be dismissed because it is barred by NYWCL  *See id.*

**B.      This Claim Also Is Barred By Plaintiffs' § 740 Election Of Remedies.**

Even if it were not barred by the NYWCL, Plaintiffs' Second Cause of Action is barred by the election of remedies provision of § 740(7), quoted in Point I.B above.  As it appears that this claim for negligent infliction of emotional distress is based on the same alleged conduct as Plaintiffs' § 740 claim, the above-quoted election of remedies provision bars the claim.

**III.     THE COMPLAINT'S THIRD CAUSE OF ACTION FAILS TO STATE A CLAIM FOR NEGLIGENCE.**

**A.      New York Workers' Compensation Law Bars The Claim.**

Plaintiffs' Third Cause of Action for negligence against Duane Reade and Walgreens states no claim and should be dismissed because it is precluded by NYWCL §11 for the reasons stated in Point II.A above.

**B.      This Claim Is Barred By Plaintiffs' § 740 Election Of Remedies.**

Even if it were not barred by the NYWCL, Plaintiffs' Third Cause of Action is barred by the election of remedies provision of § 740(7), quoted in Point I.B above.  As it appears that this claim for negligence is based on the same alleged conduct as Plaintiffs' § 740 claim (6th cause of action), the above-quoted election of remedies provision bars the claim.

**IV.     THE COMPLAINT'S FOURTH CAUSE OF ACTION FAILS TO STATE A CLAIM FOR NEGLIGENT HIRING, TRAINING AND RETENTION.**

**A.      New York Workers' Compensation Law Bars The Claim.**

Plaintiffs' Fourth Cause of Action for negligent hiring, training and retention against Duane Reade and Walgreens states no claim and should be dismissed because it is precluded by NYWCL §11 for the reasons stated in Point II.A above.

**B.      This Claim Is Barred By Plaintiffs' § 740 Election Of Remedies.**

Even if it were not barred by the NYWCL, Plaintiff's Fourth Cause of Action is barred by the election of remedies provision of § 740(7), quoted in Point I.B above.  As it appears that this claim for negligent hiring, training and supervision is based on the same alleged conduct as Plaintiffs' § 740 claim, the above-quoted election of remedies provision bars the claim.

**C.      Plaintiffs State No Claim For Negligent Hiring, Supervision Or Retention.**

In any event, even if the NYWCL election of remedies provision did not bar the Fourth Cause of Action, it would fail to state a claim.  As this Court recently held in dismissing negligent hiring and supervision claims:

> "A claim based on negligent hiring and supervision requires a showing that defendant[] knew of the employee's propensity to [commit the alleged acts] or that defendant[] should have known of such propensity had [it] conducted an adequate hiring procedure[/]" *Honohan v. Martin's Food of S. Burlington, Inc.,* 255 A.D.2d 627, 679 N.Y.S.2d 478 (App. Div. 1998) (quoting *Ray v. County of Delaware,* 239 A.D.2d 755, 657 N.Y.S.2d 808 (App. Div. 1997)); *see Steinborn v. Himmel,* 9 A.D.3d 531, 533, 780 N.Y.S.2d 412 (App. Div. 2004).

*Simpson v. Uniondale Union Free Sch. Dist., supra,* 702 F.Supp.2d 122, 135 (E.D.N.Y. 2010). In that case this Court also held that to state a claim for negligent supervision under New York law, Plaintiff must allege (1) the employee caused them some harm, (2) the employer's lack of supervision, and (3) that the employer knew of the employee's propensity for the type of behavior that caused plaintiffs harm. *Id.* at 135-36, citing, *inter alia, Ross v. Mitsui Fudosan,* 2 F. Supp. 2d 522, 533 (S.D.N.Y. 1998) and *Kirkman by Kirkman v. Astoria Gen. Hosp.,* 204 A.D.2d 401, 611 N.Y.S.2d 615 (2d Dep't), *appeal denied,* 84 N.Y.2d 811 (1994).  *See Mataxas v. North Shore Univ. Hosp.,* 211 A.D.2d 762, 621 N.Y.S.2d 683 (2d Dep't 1995) (reversing denial of motion to dismiss negligent hiring and supervision claim).

The Complaint fails to set forth facts that satisfy the elements of this tort.  Plaintiffs do not allege any facts supporting a claim that there was negligent hiring, training or retention and

allege no facts suggesting that the employer knew of any propensity for the type of behavior that caused Plaintiffs harm.  Plaintiffs thus fail to state a claim for negligent hiring, training, and/or retention, and defendants are entitled to judgment as a matter of law on that claim.

## V.   THE COMPLAINT'S FIFTH CAUSE OF ACTION FAILS TO STATE A CLAIM FOR HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT.

Human Rights Law claims are barred against all defendants by the § 740(7) election of remedies.  *Deshpande v. TJH Med. Servs., P.C.,* 52 A.D.3d 648, 861 N.Y.S.2d 697 (2d Dep't 2008), *appeal denied*, 12 N.Y.3d 704, 879 N.Y.S.2d 50 (2009); *Feinman v. Morgan Stanley Dean Witter*, 193 Misc. 2d 496, 752 N.Y.S.2d 229 (N.Y. Sup. Ct. 2002).  See Point I.B above.

Moreover, as the Complaint asserts that the alleged conduct occurred in 2008, any "Federal Law" discrimination claim (Cplt. ¶ 56) also is barred by the 300 day period of limitations in which to file a discrimination charge, a precondition to suit under Title VII.  42 U.S.C. § 2000e-5(e), (f).  It is not alleged that a federal charge was filed in any event.

Separately, this claim must be dismissed as against Walgreens because it did not employ either Plaintiffs or Green, and the Complaint does not allege otherwise.  The Court may take judicial notice that Walgreens did not own Duane Reade in 2008.[4]

## VI.   THE COMPLAINT'S SIXTH CAUSE OF ACTION FAILS TO STATE A CLAIM PURSUANT TO THE NEW YORK WHISTLEBLOWER STATUTE.

To state a claim under § 740, a plaintiff must allege that his employer took "retaliatory personnel action" against him "because" he "discloses, or threatens to disclose to a supervisor or

---

[4]  Publicly filed documents show that Walgreens' acquisition of Duane Reade was completed on April 9, 2010, as shown in excerpts from Walgreens' Form 10-Q for the quarter ended May 31, 2010 filed with the U.S. Securities and Exchange Commission ("SEC") (Witkin Aff. Ex. 2).  This Court may take judicial notice of such documents without converting a Rule 12(b) motion to dismiss into a summary judgment motion.  *Roth v. Jennings,* 489 F.3d 499, 503, 509 (2d Cir. 2007); *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 773-74 (2d Cir. 1991); *Vacca v. The Hartz Mt. Corp.,* 2010 U.S. Dist. LEXIS 30660 at *6 (E.D.N.Y. Mar. 30, 2010); *Wilson v. Dalene,* 699 F. Supp.2d 534, 552 n.4 (E.D.N.Y. 2010) (court may take judicial notice of date of acquisition shown in SEC filings).

to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety" (§ 740(2)(a)).  However, "[t]he protection against retaliatory personnel action" in § 740(2)(a) "shall not apply to an employee who makes such disclosure to a public body unless the employee has brought the activity, policy or practice in violation of law, rule or regulation to the attention of a supervisor of the employee and has afforded such employer a reasonable opportunity to correct the activity, policy or practice" (§ 740(3)).

Plaintiffs state no § 740 claim because it is time-barred, and they fail to plead (1) that they afforded defendants a reasonable opportunity to correct the alleged improper conduct before they reported it to the police, (2) that they suffered retaliatory personnel action, (3) that the activity they reported constitutes a substantial and specific danger to public safety or an actual violation of law, or (4) that their complaint caused them to suffer adverse action.[5]

## A.    The Claim is Barred by § 740's One-Year Statute of Limitations.

This cause of action is barred by the one-year statute of limitations of § 740(4)(a). *Reddington v. Staten Isl. Univ. Hosp.,* 511 F.3d 126 (2d Cir. 2007); *Perez v. Wegman Cos.,* 181 A.D.2d 1010, 581 N.Y.S.2d 502 (4th Dep't), *appeal denied,* 80 N.Y.2d 753 (1992); *Feinman v. Morgan Stanley Dean Witter,* 193 Misc.2d 496 (N.Y. Sup. Ct. 2002).  It should be dismissed for that reason alone.

## B.    Plaintiffs Failed To Notify Defendants Before Complaining To The Police.

To state a § 740 claim, a plaintiff who notifies a public body of an alleged activity in violation of law, rule or regulation must have first notified his employer of the activity and given the employer a reasonable chance to respond (§ 740(3)).  New York courts strictly enforce this

---

[5] No § 740 claim is stated against defendant Walgreens for the further reason that Walgreens is not alleged to have been Plaintiffs' employer (Cplt. ¶ 22; note 4, above).

notification requirement. *See McNally v. Swift Transp. Co., Inc.*, 35 A.D.3d 1238, 827 N.Y.S.2d

395 (4th Dep't 2006); *Knighton v. Municipal Credit Union,* 2009 N.Y. Misc. LEXIS 3976 at *5-

6 (Sup. Ct. N.Y. Cty Jan. 20, 2009), *aff'd in part, modified in part,* 71 A.D.3d 604, 898 N.Y.S.2d

117 (1ˢᵗ Dep't 2010).  In *McNally*, an employee's notice to a night dispatcher of illegal activity

was held to be insufficient because the night dispatcher was not a supervisor. *Id.* at 1239.  For the

Complaint to allege conduct protected under § 740(2)(a), it must allege that Plaintiffs complied

with the notification requirement of § 740(3).  As Plaintiffs do not allege that they complied with

this notification requirement, § 740 affords them no protection.  Plaintiffs do not specifically

allege that they notified defendants about the problem, or gave defendants a reasonable

opportunity to correct it, **before** they claim that they reported the alleged illegal activity to the

police (Cplt. ¶¶ 26-28).  Plaintiffs thus plead no § 740 claim.

**C.      Plaintiffs Allege No "Retaliatory Personnel Action" Under § 740.**

Plaintiffs also fail to plead a § 740 claim because the only allegedly retaliatory personnel

action taken against them after disclosure of their complaint to the police was that they were

threatened with termination if they disclosed the condut to anyone else (Cplt. ¶¶ 29, 63-68).  A

threat of termination with no apparent loss of wages or benefits is not a "retaliatory personnel

action" under § 740(1)(e).  Perceived or implied threats are not retaliatory personnel actions.

*Higgs v. County of Essex*, 232 A.D.2d 815, 648 N.Y.S.2d 787 (3d Dep't 1996), *but see Rosario*

*v. National Hous. Pship Prop. Mgmt.,* 1998 U.S. Dist. LEXIS 3692 (S.D.N.Y. Mar. 24, 1998).

*See also Antonmarchi v. Consol. Edison Co. of N.Y., Inc.*, No. 03 Civ. 7735, 2008 U.S. Dist.

LEXIS 75458 at *54-55 (S.D.N.Y. Sept. 29, 2008) ("transfers that require long commutes, and

the assignment of undesirable night shifts, neither of which entails any loss of wages or benefits,

are not actionable"; citing *Gorgone v. Capozzi*, 238 A.D.2d 308, 310, 656 N.Y.S.2d 49 (2d Dep't

1997), *appeal denied*, 95 N.Y.2d 767 (2000)).  Plaintiffs were not discharged or demoted.  They

thus fail to allege retaliatory personnel action.

**D.      The Reported Activity Was Not Covered By § 740.**

Even if, *arguendo*, Plaintiffs had notified defendants about, and gave defendants a reasonable opportunity to correct the conduct about which they complained to the police, and even if, *arguendo*, the alleged threats to terminate them if they disclosed the conduct to anyone else were deemed a retaliatory personnel action, their complaints to defendants and the police were still not protected by § 740 because the conduct did not concern a problem that either presented an actual danger to public health or safety or constituted an actual violation of law.

**1.      It Did Not Present A Substantial And Specific Danger To Public Health Or Safety.**

It is well settled that § 740 applies only to allegations that present a "substantial and specific danger to public health or safety." § 740(2)(a). New York courts construe this language literally to apply only to "reporting of a specific kind of illegal activity . . . that 'creates and presents a substantial and specific danger to the public health or safety.'" *See Leibowitz v. Bank Leumi Trust Co.*., 152 A.D.2d 169, 175, 548 N.Y.S.2d 513 (2d Dep't 1989).

To present a "substantial and specific danger to public health and safety," within the meaning of § 740(2)(a), the alleged unlawful activity must in fact concern public health or safety. Courts routinely reject attempts to bring actions pursuant § 740 regarding other unlawful activity, unrelated to public health and safety. *See Leibowitz*, 152 A.D.2d at 180; *Remba v. Federation Employment & Guidance Service,* 149 A.D.2d 131, 138, 545 N.Y.S.2d 140, 144 (1st Dep't 1989), *aff'd*, 76 N.Y.2d 801 (1990); *Easterson v. Long Island Jewish Medical Ctr.,* 156 A.D.2d 636, 637, 548 N.Y.S.2d 135 (2d Dep't 1989), *appeal denied,* 76 N.Y.2d 704 (1990).

Even in cases concerning health or safety, the plaintiff must also show a "quantum of dangerous activity" sufficient to establish the "requisite threat to public health and safety." *See*

*Peace v. KRNH, Inc.,* 12 A.D.3d 914, 785 N.Y.S.2d 547 (3d Dep't 2004), *appeal denied,* 4

N.Y.3d 705 (2005). In *Peace,* the plaintiff, a respiratory therapist in the defendant's health care

facility, discovered that another therapist had documented treatments on patients that had not

been performed. *Id.* at 914. The plaintiff disclosed this information, was terminated and brought

a suit under § 740. The court held that, because there were no adverse consequences from the

activity reported, the record lacked any proof of a substantial and specific danger to public health

or safety, and upheld the lower courts summary judgment decision on this ground. *Id.*[6] *See*

*Cotrone v. Consol. Edison Co. of N.Y., Inc.,* 50 A.D.3d 354, 856 N.Y.S.3d 48 (1st Dep't 2008)

(leaving tanker trucks with hazardous materials unattended on public street violated federal

regulations but did not create substantial and specific danger to the public health or safety within

the meaning of § 740(2)(a); claim was based on mere speculation).

To allege a substantial and significant threat to public health or safety within the

meaning of § 740(2)(a), courts also require that the alleged threat concern the public at large.

*See Kern v. De Paul Mental Health Serv.,* 152 A.D.2d 957, 544 N.Y.S.2d 252 (4th Dep't),

*appeal denied,* 74 N.Y.2d 615 (1989); *Easterson* 156 A.D.2d at 637. In *Kern,* the court found

that the plaintiff's alleged illegalities, including "neglect of a certain patient, failure to report an

incident of patient neglect, improper deletion of an entry concerning such incident and an

improper attempt to persuade plaintiff to change her entry to delete reference to the incident" did

not threaten the health or safety of the public at large. 152 A.D.2d at 957. Although the alleged

---

[6]  The few cases where courts have found a substantial and specific danger to public health or safety involved alleged activity that seriously endangered lives. *See Kraus v. New Rochelle Hosp. Medical Ctr.,* 216 A.D.3d 360, 628 N.Y.S.2d 360 (2d Dep't), *appeal dismissed without op.,* 86 N.Y.2d 885 (1995) (doctor's repeated failure to obtain consent for a procedure that could be fatal – he forged patients' signatures on the consent forms - created a substantial and specific danger to public health and safety); *Rodgers v. Lenox Hill Hosp.,* 211 A.D.2d 248, 626 N.Y.S.2d 137 (1st Dep't 1995) (plaintiff discovered that two paramedics had made severe and careless mistakes that resulted in the death of a patient and that those paramedics had not been disciplined or retrained).

illegalities presented a danger to the health and safety of one patient, this was not enough to invoke protection by the statute. *Id.*[7]

The Complaint here does not plead that the warehouse bathroom camera Plaintiffs allegedly reported posed substantial and specific threats to public health or safety. The alleged "violation of law, rule or regulation" on which Plaintiffs base their § 740 claim is the placing of a security camera in a bathroom used by employees at a company warehouse. The Complaint alleges no facts to support a claim that this was a substantial and specific threat to public health or safety, i.e., that the lives of others were thereby put at risk. The Complaint alleges no connection between the alleged conduct and a "substantial and specific danger to the public health or safety" specified by § 740(2)(a). Thus, the Complaint fails to state a § 740 claim.

### 2.   It Did Not Constitute An Actual Violation Of Law, Rule Or Regulation.

To state a claim under § 740, the activity reported also must be an **actual** violation of law, rule or regulation. A plaintiff's reasonable belief that the behavior was dangerous is not sufficient to state a § 740 claim. *Bordell v. GE,* 88 N.Y.2d 869, 644 N.Y.S.2d 912, 913 (1996); *Nadkarni v. N. Shore-Long Island Jewish Health Sys.,* 21 A.D.3d 354, 355, 799 N.Y.S.2d 574, 575 (2d Dep't 2005); *Remba,* 149 A.D.2d at 136; *Dougherty v. Mem'l Sloan-Kettering Cancer Ctr.,* No. 00 Civ 4083 (JGK), 2002 U.S. Dist. LEXIS 13216 at *11-12 (S.D.N.Y. Jul. 16, 2002). In *Nadkarni*, the plaintiff refused to participate in a plan that allowed volunteers to help prepare meals and serve meals for patients. 21 A.D.3d at 354-55. She believed that this practice violated the Health Care Financing Administration Regulation § 483.35 that required hospitals to provide

---

[7]   *See Tucker v. New York City,* No. 05 Civ. 2804, 2007 U.S. Dist. LEXIS 77879 at *8 and nn. 4, 5 (S.D.N.Y. Oct. 15, 2007), *aff'd,* 2010 U.S. App. LEXIS 9480 (2d Cir. May 10, 2010) (New York courts consistently and strictly enforce the explicit limitation of the statute to matters that create and present a "substantial and specific danger to the public health or safety"; complaints about very serous misconduct, even if unlawful, "will not trigger statutory protection if the misconduct does not itself pose a direct threat to public health or safety").

sufficient support personnel to provide residents with nourishing, well balanced meals. *Id.* Her concerns, solely based upon her belief that utilizing volunteers would create a substantial and specific danger to the public health or safety, were an insufficient ground for a § 740 claim. *Id.* The court held that an employee's good faith, reasonable belief that a violation occurred does not invoke § 740 protection. *Id.*

Plaintiffs point to no law, rule or regulation allegedly violated that they allegedly reported. For that reason as well, they state no § 740 claim. *Dougherty, supra*; *Betz v. Mem'l Sloan-Kettering Cancer Ctr.,* No. 95 Civ. 1156 (RPP), 1996 U.S. Dist. LEXIS 10568 at *22 (S.D.N.Y. Jul. 24, 1996).

### E.    No Facts Support A Claim That Adverse Action Was Caused By The Complaint.

Even if Plaintiffs had satisfactorily pleaded all of the other elements of a § 740 claim, the Complaint would still fail to state such a claim, because it fails to plead facts to support a claim that any retaliation was caused by their complaints to defendants or to the police.

To state a § 740 claim, the Complaint must allege facts to sufficient to support a claim that "retaliatory personnel action" (defined as "discharge, suspension or demotion" or "other adverse employment action" "in the terms and conditions of employment") was taken against the employee "because" the employee disclosed unlawful practices substantially and specifically endangering public health or safety. § 740(1)(e), 2(a). The Complaint fails to make the required allegations. First, it does not allege a "discharge, suspension or demotion." It alleges only a threat of termination if Plaintiffs told anyone about the alleged placement of the camera (Cplt. ¶¶ 29, 63-68). Moreover, even if alleged threats were "adverse employment action," the Complaint does not allege that such actions occurred because Plaintiffs told the police or told defendants about their complaints to the police or that such threats would not have been made regardless of

those complaints. *See Dougherty*, supra, 2002 U.S. Dist. LEXIS 13216 at *16, citing *Lambert v. GE*, 244 A.D.2d 841, 842, 666 N.Y.S.2d 289, 290-91 (3d Dep't 1997) (as plaintiff's complaint post dated his discharge for unsatisfactory performance, discharge was not a consequence of his reporting the violation).

The Complaint thus fails to allege the necessary "causal nexus" between any alleged adverse employment action and Plaintiffs' complaints to the police and to defendants. Plaintiffs' § 740 claim should be dismissed for that reason as well.

For all of the foregoing reasons, this Court should dismiss the Complaint's § 740 claim.

## VII.   THE COMPLAINT'S SEVENTH CAUSE OF ACTION FAILS TO STATE A CLAIM PURSUANT TO THE U.S. CONSTITUTION'S 4TH AMENDMENT.

The Seventh Cause of Action (Cplt. ¶¶ 70-76) purports to state a claim that Duane Reade and Walgreens violated Plaintiffs' "rights afforded to them under the Fourth Amendment of the United States Constitution" (*id.* ¶ 71).   However, that Amendment "protects individuals from unreasonable searches conducted by the government"; "to claim a Fourth Amendment violation by a government employer, plaintiffs must show as a threshold matter that a governmental 'search' has occurred."   *Lukas v. Triborough Bridge and Tunnel Authority,* 1993 U.S. Dist. LEXIS 21065 at *13-14 (E.D.N.Y. Aug. 18, 1993).   *Accord, DeVittorio v. Hall,* 589 F.Supp.2d 247, 254 (S.D.N.Y. 2008); *Tancredi v. Malfitano,* 567 F.Supp.2d 506, 509 (S.D.N.Y. 2008).

However, the Complaint does not allege that defendants were state actors, or acting under the color of state law or in concert with the government.   This Court has held that the actions of store security guards are not actions of the state and therefore do not implicate the Fourth Amendment, which protects citizens against governmental action.   *See Guiducci v. Kohl's Dep't Stores,* 320 F. Supp.2d 35, 38 (E.D.N.Y. 2004) ("District courts within the Second Circuit usually reject claims that the actions of store security guards implicate state action when they

detain and investigate suspected shoplifters"). *Accord, Royster v. Williams,* 2008 U.S. Dist. LEXIS 31781 (E.D.N.Y. April 17, 2008); *Bishop v. Toys "R" Us-NY, LLC,* 2009 U.S. Dist. LEXIS 17377 (S.D.N.Y. Feb. 19, 2009), *aff'd,* 385 Fed. Appx. 38 (2010); *Fletcher v. Wal-Mart Stores, Inc.,* 2006 U.S. Dist. LEXIS 62190 (S.D.N.Y. Aug. 28, 2006).

For the foregoing reasons, the Court should dismiss the Seventh Cause of Action.

## CONCLUSION

Courts analyze complaints more critically in light of *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009). *See, e.g., Taggart v. Moody's Investors Serv.,* 06 Civ. 3388 (PKC), 2007 U.S. Dist. LEXIS 52765, at *24 (S.D.N.Y. July 16, 2007) (dismissing claims because they were "bereft of 'facts to state a claim to relief that is plausible on its face' or to 'to raise a right to relief above the speculative level'") (quoting *Twombly,* 127 S. Ct. 1955 at 1965, 1974). The Complaint does not satisfy the new stricter Rule 12(b)(6) pleading standards in *Twombly* and *Iqbal.*

The IIED and § 740 claims are time-barred. The IIED claim, the three negligence claims, the hostile work environment claim and 4th Amendment claim are all barred by § 740's election of remedies provision. The three negligence claims are also barred by NYWCL exclusivity. The time-barred § 740 claim should be dismissed because it does not plead that Plaintiffs gave defendants a reasonable opportunity to correct the problem or that Plaintiffs suffered a retaliatory personnel action. Moreover, the activity Plaintiffs allegedly reported to the police and to defendants did not create a substantial and significant threat to public health and safety. Finally, the 4th Amendment claim also fails to state a claim as no government action is alleged.

Accordingly, Walgreens requests that the Court dismiss all of Plaintiffs' claims and the entire Complaint with prejudice and award Walgreens all other relief to which it is justly entitled.

Dated: New York, New York
        February 9, 2011

Respectfully submitted,

LITTLER MENDELSON, P.C.

By: _____
        Joel L. Finger
        Eric D. Witkin
900 Third Avenue
New York, NY 10022
(212) 583-9600
Attorneys for Defendant Walgreen Co.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused a true and correct copy of the annexed

Memorandum of Law in Support of Motion to Dismiss by Defendant Walgreen Co. to be served

upon:

Adam Thompson, Esq.
111 John Street, Suite 1220
New York, New York 10038
Counsel for Plaintiff

via Federal Express next business day delivery on the 9th day of February, 2011.

ERIC D. WITKIN