```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x
MICHAEL DAVIS, et al.,                           :
                                                 :
                        Plaintiffs,              :           ORDER
                                                 :       11-CV-540 (ERK)
         -against-                               :
                                                 :
DUANE READE, INC., et al.,                       :
                                                 :
                        Defendants.              :
---------------------------------------------------------------------- x
```
GOLD, STEVEN M., U.S.M.J.:

Plaintiffs, sixteen employees of a Duane Reade warehouse in Maspeth, bring this action pursuant to state and federal laws alleging that defendants placed video cameras in the air vents of company bathrooms. Plaintiffs originally filed their action in state court and defendants then removed it, invoking this court's federal question jurisdiction. Defendants then moved to dismiss the complaint for failing to state a claim. By Order dated September 27, 2011, the Honorable Edward R. Korman referred defendants' motion to me to report and recommend.

When they removed the action, defendants contended that federal question jurisdiction existed on the basis of "alleged violation of federal law against hostile work environment and alleged violation of constitutional rights." Docket Entry 1-2. Having undertaken a cursory review of the parties' submissions, I see that plaintiffs concede that their seventh claim, alleging federal constitutional violations, should be dismissed. Pl. Opp. 14, Docket Entry 11.[1] To the extent that plaintiffs' fifth cause of action for hostile work environment purports to assert a claim based on federal law, *see* Compl. ¶ 56, the federal claim would appear to be barred because plaintiffs failed to satisfy Title VII's prerequisites. Def. Mem. 9, Docket Entry 4 (citing the

---

[1] The Table of Contents for plaintiffs' opposition indicates that the discussion of their seventh claim occurs on page 17. The ECF document has no page numbers on the bottom, but the ECF-generated page number for this discussion is on page 14. Accordingly, I will reference the ECF page number when citing plaintiffs' opposition.

requirement of 42 U.S.C. §§ 2000e-5(e)(1), 2000e-5(f)(1) that any EEOC charge must be "filed within one hundred and eighty days after the alleged unlawful employment practice occurred" and that a civil action may only be brought after an EEOC charge is filed). In their complaint, plaintiffs do not allege that they filed an EEOC charge as Title VII requires. Compl. ¶¶ 56-60. Nor do they allege that they did so in their opposition to defendants' motion. Pl. Opp. 11.

Plaintiffs' fifth and seventh claims are the only causes of action that could reasonably be construed to raise a federal question. If these federal claims are dismissed, this court would have the discretion to remand the remaining pendent state law claims.[2] *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). Where the only claims providing a basis for federal jurisdiction are dismissed prior to trial, a court should decline to exercise pendent jurisdiction over the state claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (citing concerns of "judicial economy, convenience and fairness" for declining to exercise pendent jurisdiction); *Castiglione v. Papa*, 423 Fed. Appx. 10, 13 (2d Cir. May 23, 2011) (affirming that "the District Court should have declined to exercise supplemental jurisdiction over her remaining state law claims" after dismissal of her federal claims).

Application of the *Gibbs* factors would suggest that, if the federal claims are dismissed, the court should decline to exercise supplemental jurisdiction over the state law claims and order that the case be remanded. The case is only seven months old, and is in its early stages. No

---

[2] There is clearly no basis for diversity jurisdiction.

discovery has taken place and the court has not expended any significant resources on the case. In addition, there will be little inconvenience to the parties if the case is litigated in Kings County Supreme Court rather than here. Moreover, plaintiffs originally filed their action in state court, and considerations of fairness dictate that plaintiffs' forum choice should be taken into account as well. *See de Hernandez v. Lutheran Med. Ctr.*, 2002 WL 31102638, at *2 (E.D.N.Y. Sept. 11, 2002).

Before making any final recommendation, the court will hold a conference at **11:00 a.m. on October 25, 2011**. At the conference, the parties shall be prepared to address the viability of any federal claims, whether this court should exercise supplemental jurisdiction over the state claims if it recommends dismissal of the federal claims, or whether the case should be remanded to state court.

SO ORDERED.

_____/s/_____
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
October 3, 2011

*U:\eoc 2011\davis 100311 order.docx*